**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

KEVIN W. HOLCOMB,

          Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION ,

          Defendant.

Civil Action No. 1:25-cv-06406-TRJ-LRS

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION

Plaintiff Kevin W. Holcomb ("Plaintiff") is subject to a mutually binding agreement with Defendant Federal National Mortgage Association ("Fannie Mae") to resolve employment-related disputes, such as those asserted in the Complaint (Doc. 1) pursuant to binding arbitration.  Accordingly, Fannie Mae moved to compel Plaintiff's action to arbitration. (Doc. 7).  Plaintiff opposes Fannie Mae's Motion to Compel, arguing without any legal support that (1) the updated Arbitration Agreement (the "2015 Agreement") was procedurally and substantively unconscionable, (2) Fannie Mae waived its right to compel, (3) the 2015 Agreement cannot be applied to all claims in this case, (4) the delegation clause cannot be enforced, and (5) in the alternative, that limited discovery and an evidentiary hearing on arbitrability should not stay this case.  Each of Plaintiff's arguments fail.

## I.    THE ARBITRATION AGREEMENT IS ENFORCEABLE.

As an initial matter, the most significant aspect of the Plaintiff's Opposition is his failure to dispute that he assented to the 2015 Agreement when he specifically chose to accept its terms by continuing his employment at Fannie Mae.  (Doc. 10, p. 5; Doc. 10-1, pp. 2-3).  While he conclusorily asserts that the agreement was not a "bargained for contract" the Plaintiff does not cite any caselaw or precedent holding that agreements promulgated under these circumstances are invalid.  Consequently, it is indisputable that no genuine issue of material fact exists as to Plaintiff's acceptance of the 2015 Agreement which is alone a sufficient basis on which to grant Fannie Mae's Motion to Compel.  *See Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("[C]onclusory allegations without specific supporting facts have no probative value.").[1] [2]

---

[1]  Without any legal argument, it is difficult to discern what standard Plaintiff argues should apply, but for the avoidance of doubt, general contract principles govern the enforceability of arbitration agreements, like the one in this matter, and not a heightened "knowing and voluntary" standard.  *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1372 (11th Cir. 2005).

[2]  Additionally, to the extent Plaintiff claims that he "did not understand this certification as a voluntary, bargained-for waiver of his right to bring statutory discrimination and retaliation claims in federal court," (Doc. 10-1, § IV(I)(A)), under Georgia contract law, an alleged failure to read a term or contract does not excuse a party's obligations under that contract nor does it preclude a finding of mutual assent.  *See Turner Brad. Sys.v. McDavid*, 303 Ga. App. 593, 597 (Ga. Ct. App. 2010); *Lovelace v. Figure Salon*, 179 Ga. App. 51, 52 (Ga. Ct. App. 1986).

**A.    The 2015 Agreement Is Not Procedurally Unconscionable.**

Plaintiff argues his assent to the 2015 Agreement was "procedurally unconscionable" based on a difference in bargaining power and due to the timing of the 2015 Agreement that "reinforce[d] the coercive nature of th[e] agreement." (Doc. 10, § IV(I)(A)).  This argument fails.

In determining whether a contract is procedurally unconscionable, Georgia courts look to the following factors: "age, education, intelligence, business acumen and experience of parties, their relative bargaining power, the conspicuousness of and comprehensibility of the contract language, the oppressiveness of the terms, and the presence or absence of meaningful choice."  *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1377 (11th Cir. 2005) (internal citations omitted).

As to Plaintiff's argument of unequal bargaining power, the Supreme Court has squarely held that "[t]he unequal bargaining power between employers and employees is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context."  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 22 (1991).  *See also Oblix, Inc. v. Winiecki*, 374 F.3d 488, 490 (7th Cir.2004) (applying California law and concluding fact that employee's employment was conditioned on arbitration agreement offered on a take-it-or-leave-it basis did not render it unconscionable).  "Indeed, Georgia courts have enforced standard-form arbitration agreements in employment relationships."  *Caley*, 428 F.3d at 1377.

3

Plaintiff's Opposition identifies no facts regarding alleged unequal bargaining power between himself and Fannie Mae beyond the inherent nature of the employer and employee relationship which, as noted above, is insufficient to invalidate an arbitration agreement.

Further, while Plaintiff claims "the timing reinforces the coercive nature of this agreement," he provides no legal support, or any evidence to suggest the timing of another action or actions related to Plaintiff's employment have anything to do with the 2015 Agreement, let alone, suggest procedural unconscionability.

**B.      The 2015 Agreement is Not Substantively Unconscionable.**

Plaintiff argues the 2015 Agreement is "substantively unconscionable" based on Section 13 and Section 19 of the 2015 Agreement.  (Doc. 10, § IV(I)(B)).  Under Georgia law, an unconscionable contract is "such an agreement as no sane man not acting under a delusion would make and that no honest man would take advantage of."  *Caley*, 428 F.3d at 1378 (citing *Hall v. Fruehauf Corp.,* 179 Ga. App. 362 (1986)).  Neither of Plaintiff's challenged provisions meets this requisite standard to show unconscionability.

As an initial matter, contrary to Plaintiff's claim otherwise, Section 13 of the 2015 Agreement does not "sharply restrict[] discovery," nor does it "cap[] document requests, interrogatories, and depositions" or limit "access to third-party evidence." Instead, like the Federal Rules of Civil Procedure, it provides in Section 13(a)-(f)

4

standard discovery options as a matter of course and also unambiguously provides that "[t]he arbitrator, upon a showing of good cause, may order any additional discovery that is required for a full and fair hearing on the dispute while consistent with the expedited nature of arbitration." (Doc. 7-2, ¶ 13). Even if the 2015 Agreement were to limit discovery, which it does not, such provision would not invalidate the 2015 Agreement. *See Gilmer*, 500 U.S. at 31 (rejecting argument that discovery procedures in arbitration will make it more difficult to prove discrimination such that arbitration should not be compelled).

The confidentiality provision of Section 19 of the 2015 Agreement likewise fails to establish "substantive unconscionability." *See Caley*, 428 F.3d at 1379 (while it might be more favorable to employers than to individual employees, a confidentiality agreement is not so offensive as to be invalid).

## II.    FANNIE MAE DID NOT WAIVE OR "DEFAULT ITS RIGHT TO COMPEL ARBITRATION."

Plaintiff's unsupported argument that Fannie Mae waived its right to compel arbitration because it did not invoke its right to arbitrate until after Plaintiff filed suit should be rejected. As an initial matter, Fannie Mae's participation in administrative proceedings with the Equal Employment Opportunity Commission ("EEOC") did not waive Fannie Mae's ability to arbitrate Plaintiff's claims. *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000) (rejecting the plaintiff's arguments that employer waived its right to arbitrate by issuing employment related

documents to employees subsequent to the Agreement, and by failing to raise the arbitration issue with the EEOC). *See also Ivy v. Ecolab, Inc.*, No. 1:19-CV-5476-JPB-JSA, 2020 WL 10055326, at *9 (N.D. Ga. Apr. 20, 2020), *report and recommendation adopted*, No. 1:19-CV-05476-JPB, 2020 WL 10054682 (N.D. Ga. May 12, 2020)) (no waiver by failing to assert right in previous non-arbitrable administrative proceeding and stating "employers are not required to assert all defenses, positions, and remedies in an EEOC proceeding").  In fact, Section 6 of the 2015 Agreement specifically states in relevant part:

> . . . (iii) this Agreement does not change or in any way affect your rights to file any administrative charges or complaints or to participate in administrative proceedings before any federal, state or local administrative agency. Further, to the extent that you would be required by law to file a timely administrative charge or complaint as a prerequisite to filing a claim in court, you must do the same before filing such claim in arbitration.  Nothing in this Agreement changes or in any way affects Fannie Mae's right to defend itself or otherwise participate in any proceeding related to claims and/or complaints brought administratively or otherwise under this Section 6.
>
> **You understand, to the extent you wish to pursue claims after administrative proceedings have concluded (or wish to appeal an administrative decision), and those further proceedings would ordinarily be pursued in court, unless specifically excluded by statute, you must resolve those further proceedings through arbitration under this Agreement, and not in court.** . . .

6

(Emphasis added).  Accordingly, Fannie Mae did not waive its right to arbitrate by participating in the administrative proceeding, and what is more, Plaintiff is required to pursue resolution of such applicable claims through arbitration.

Nor did Fannie Mae's engaging in settlement discussions waive its right to arbitration.  *See Sw. Indus. Imp. & Exp., Inc. v. Wilmod Co.*, 524 F.2d 468, 470 (5th Cir. 1975) (explaining settlement discussions are not waiver); *Davis v. Realpage, Inc.*, No. 0:23-cv-61683, 2024 U.S. Dist. LEXIS 5281, *8 (S.D. Fla. Jan. 10, 2024) (collecting cases and noting that Rule 68 settlement offer is not waiver).

Fannie Mae is also not precluded from enforcing arbitration simply because Plaintiff claims he "has been prejudiced by the time and effort spent litigating in this forum, by Fannie Mae's control of key records, and by the uncertainty created by a belated attempt to remove the case from the federal docket after Plaintiff has already invested in building a public record."  (Doc. 10, § IV(II)).  The Court "no longer considers prejudice to the non-moving party" when evaluating waiver.  *Hunter v. Glob. Abbeville, LLC,* No. 1:23-cv-3521-TWT, 2024 U.S. Dist. LEXIS 95716, *30 (N.D. Ga. Jan. 24, 2024).  Nonetheless, Plaintiff has not established that any prejudice would result from Plaintiff's claims being compelled to arbitration.  From the outset of this case, Fannie Mae's counsel clearly indicated that Fannie Mae would seek to enforce its right to arbitrate. (*See* Doc. 7-3).  Moreover, Plaintiff neither identifies any act by Fannie Mae indicating a contrary intent, nor presents

evidence of the alleged prejudice, as there has been no litigation to support Plaintiff's claim about time and effort spent litigating, no discovery to support Plaintiff's claim about Fannie Mae's purported "control of key records," and no uncertainty, given that Fannie Mae's clear intent to compel arbitration was made known to Plaintiff after Plaintiff filed the federal complaint.

To determine whether a party's actions amount to a waiver of the right to compel arbitration, the court must establish whether the party seeking arbitration, under the totality of the circumstances, acted inconsistently with the right to arbitration. *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002); *see also Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022). For this analysis, Georgia courts look to "whether the litigation machinery has been substantially invoked and whether the parties were well into preparation of a lawsuit by the time an intention to arbitrate was communicated." *Schinazi v. Eden*, 351 Ga. App. 151, 157 (2019). Georgia courts also examine "whether important intervening steps, such as taking advantage of judicial discovery procedures not available in arbitration, have taken place." *Id.* However, "when a defendant merely appears in an action and files some motions, without response and adjudication, it is not typically considered substantial participation in litigation." *Harling v. ADO Staffing, Inc.*, 2014 U.S. Dist. LEXIS 50421, *17 (M.D. Fla. Feb. 21, 2014); *Citibank, N.A. v. Stok & Associates, P.A.*, 387 F. App'x 921, 923 (11th Cir. 2010) (reversing finding of

8

waiver even where Citibank served an answer that made no reference to the arbitration provision and submitted four other filings).

Here, Fannie Mae compelled arbitration within twenty-one days after Plaintiff served his federal lawsuit upon Fannie Mae in its first filing in response to Plaintiff's complaint.  (Doc. 7; Doc. 6; Doc. 1).  Fannie Mae has not acted at all inconsistent with its right to arbitration or invoked the "litigation machinery" in any way to waive that right.  Plaintiff fails to satisfy his heavy burden to show otherwise, and compelling arbitration is warranted.. *See Gutierrez v. Wells Fargo Bank, N.A.*, 889 F.3d 1230, 1236 (11th Cir. 2018).

## III.    PLAINTIFF INDISPUTABLY AGREED TO ARBITRATE HIS CLAIMS IN THE INSTANT LAWSUIT.

Plaintiff argues that "to the extent any claims in this case fall within statutory carve-outs identified in Section 6 of the 2015 Agreement that prohibit pre-dispute arbitration of particular causes of action, those claims must remain in this Court even if any other portion were sent to arbitration."  (Doc. 10, § IV(III)).  However, none of the statutory claims carved out in Section 6 of the 2015 Agreement are alleged in Plaintiff's instant action.  Instead, all of Plaintiff's claims fall within "Covered Claims" in the 2015 Agreement, which provides:

> Except as expressly set out in Sections 5 and 6, you and Fannie Mae agree that ***any and all controversies, disputes, and/or claims asserted after the Effective Date that directly or indirectly arise out of, or relate to, your employment, terms or conditions of your employment, or***

> *termination of employment*, whether based on federal, state, and/or local laws ("Covered Claims"), shall be resolved by final and binding arbitration pursuant to this Agreement.

(Doc. 7-2, Johnson Decl. at Exh. A, pp. 2-3, ¶ 3). Because Plaintiff's claims against Fannie Mae under Title VII, the ADA, and FMLA, (Doc. 1 at Counts I-IV), arise out of, or relate to his employment, terms or conditions of his employment, or termination of employment, the 2015 Agreement governs Plaintiff's alleged claims in this lawsuit and arbitration is warranted.

## IV.   CHALLENGES TO ARBITRABILITY OF THE ARBITRATION PROVISIONS ARE DELEGATED TO THE ARBITRATOR.

Fannie Mae established that the applicable 2015 Agreement contains a clear and unmistakable delegation clause requiring an arbitrator to decide questions of arbitrability. (*See* Doc. 7-1; Doc. 7-2, Ex. A, p. 7, ¶ 20.) Plaintiff fails to challenge the delegation clause alone, instead challenging the entire 2015 Agreement. (Doc. 10, § IV(IV)). Accordingly, Plaintiff's challenges to the enforceability of the 2015 Agreement must be decided by the arbitrator and not by this Court. *See Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1149 (11th Cir. 2015).

As the Eleventh Circuit has held, when a delegation clause is present, the Court can only resolve a "challenge to that specific provision." *See Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017) (citing *Parnell*, 804 F.3d at 1144). "[A]bsent a challenge to the delegation provision itself, the federal courts *must* treat

the delegation provision 'as valid under § 2, and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator." *Parnell*, 804 F.3d at 1146 (emphasis added).

In other words, even when the broader contract or arbitration provision is challenged, if the delegation clause is not directly challenged itself, as is the case here, then the Court must compel arbitration under the applicable delegation clause. *See Thomas v. Uber Techs., Inc.*, No. 1:18-cv-2433-MHC, 2018 U.S. Dist. LEXIS 241855, *14-15 (N.D. Ga. July 19, 2018); *Clark v. Discovery Bank*, No. 1:25-cv-00920-AT-RGV, 2025 U.S. Dist. LEXIS 194597, *22-25 (N.D. Ga. Oct. 1, 2025) (collecting cases).

## V.    LIMITED DISCOVERY IS NOT WARRANTED.

Plaintiff argues that limited discovery is warranted to "evaluate the extent of procedural and substantive unconscionability, the interaction between the DRP and the 2015 Agreement, and the validity of any purported delegation clause." (Doc. 10, § IV(V).  Plaintiff offers no legal basis that such limited discovery is warranted.

Here, Plaintiff certified that he received the 2015 Agreement and that it would apply to him if he continued to work at Fannie Mae on or about the April 2015 effective date and remained employed on April 20, 2015, the date it became effective.  (Doc. 10-1, pp. 2-3).  Plaintiff's arguments about unconscionability fail as a matter of law, as set forth above.  Even so, there is no genuine dispute of material

11

fact as to the terms of the 2015 Agreement, which are unambiguous, and to which Plaintiff does not dispute were the actual terms of such agreement, or Plaintiff's continued employment as acceptance of the 2015 Agreement. Accordingly, the record is complete with regard to the 2015 Agreement and no further discovery is necessary. *Kravets v. Anthropologie, Inc.*, No. 22-CV-60443, 2022 WL 1978712, at *7 (S.D. Fla. June 6, 2022). *Compare Cox v. Midland Funding*, LLC, No. 1:14-CV-1576-LMM-JSA, 2015 WL 12862931, at *10 (N.D. Ga. June 11, 2015) (ordering discovery where the issue was whether the plaintiff was ever provided notice of an arbitration term and whether he engaged in conduct that could be seen as consenting to that term.). There is also no basis for discovery regarding any previous arbitration agreement since the claims alleged in Plaintiff's lawsuit brought after his termination in October 2024 (Doc. 1) are all governed by the 2015 Agreement. Therefore, Plaintiff fails to establish any basis for which limited discovery would be appropriate in this case, and his request for limited discovery should be denied.

## VI.   CONCLUSION

For all reasons stated above, and further set forth in Fannie Mae's Motion to Compel Arbitration, Fannie Mae respectfully asks the court to enter an order granting Fannie Mae's Motion to Compel Arbitration in its entirety.

Dated:  January 5, 2026

*/s/ Nichole C. Novosel*

Kurt Peterson, Bar No. 574408
kpeterson@littler.com
Nichole C. Novosel, Bar No. 784108
nnovosel@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E.
Suite 1200
Atlanta, Georgia 30326.1127
Telephone:  404.233.0330
Facsimile:   404.233.2361


Attorneys for Defendant Federal
National Mortgage Association

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned hereby certifies that this pleading complies with the font requirements of Local Rule 5.1C because this document has been prepared in Times New Roman, 14-point type.

*/s/Nichole C. Novosel*
Nichole C. Novosel

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 5, 2026, I electronically filed the foregoing using the Court's ECF system, which will automatically generate notice to counsel of record for all other parties to the action and via email to *pro se* Plaintiff as follows:

Kevin W. Holcomb
1445 Monroe Drive NE, #E27
Atlanta, GA  30324
kholcomblitigation@gmail.com

*Pro Se Plaintiff*

*/s/Nichole C. Novosel*

Nichole C. Novosel
Attorney for Defendant